1

2

3                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
4                              AT TACOMA

5      RAFAEL RIVERA,

6                        Plaintiff,              CASE NO. C11-5942-RJB-KLS

7             v.                                 ORDER DENYING MOTION TO
                                                 AMEND COMPLAINT
8      WILLIAM J MCGAFFEY, ROZELL
       TOWNSEND, LINDA ALLEN,
9      DUNINGTON, K ARLOW, DOUG
       WADDINGTON,
10
                        Defendant.
11

12          Before the Court is Plaintiff's Motion for Leave to File Amended Complaint.  ECF No.

13    37.  For the reasons set forth herein, the Court finds that the motion should be denied.

14                                  BACKGROUND

15          On December 6, 2011, Plaintiff filed a Civil Rights Complaint by a Prisoner under 42

16    U.S.C. § 1983, alleging that his First Amendment right to redress grievances was violated when

17    he was infracted for inciting or participating in a group demonstration at the Washington

18    Corrections Center (WCC); and, he alleges that the resulting guilty finding and transfer to

19    Coyote Ridge Corrections Center (CRCC) were retaliatory and a violation of his due process

20    rights.  ECF No. 5.  Under the "relief sought" portion of his complaint, Plaintiff included the

21    following handwritten statement:  "Plaintiff has also been suffering from constant severe pain in

22    the neck, shoulder and arms since transport to Coyote Ridge."  *Id.*, at 14.  He included no factual

23    allegations nor did he assert any constitutional claim related to this statement in the body of the

24    complaint.

ORDER DENYING MOTION TO AMEND
COMPLAINT- 1

1    In his Motion, Plaintiff seeks permission to add a personal injury claim against all the

2    Defendants, who are current and former employees of the Washington State Department of

3    Corrections at WCC, based on an injury that Mr. Rivera alleges he sustained during the transport

4    bus ride from WCC to CRCC.  Plaintiff claims that the "injury was only verified after filing and

5    continued complaints by Plaintiff to CRCC Medical beginning in September of 2011."  ECF No.

6    37, at 2.

7    In December 2011, Plaintiff filed a tort claim against the State of Washington for a neck

8    injury received during transport from WCC to CRCC.  ECF No. 37, at 31.  The claim was

9    declined based on a review that "does not support a finding upon which to base any payment, as

10   required under Chapter 4.92 RCW.  *Id.*

11                                          **DISCUSSION**

12   A party may amend its complaint with the court's leave, and leave shall be freely given

13   where "justice so requires."  *Theme Promotions, Inc. v. News America Marketing FSI*, 546 F.3d

14   991, 1010 (9th Cir.2008) (citing to Fed. R. Civ. P. 15).  Although the courts apply this policy

15   liberally, leave to amend will not be granted where an amendment would be futile.  *Id.* (citing

16   *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987)); *Johnson v. American*

17   *Airlines, Inc*., 834 F.2d 721, 724 (9th Cir.1987) ("courts have discretion to deny leave to amend a

18   complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary

19   judgment."); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) ("any

20   amendment would have been futile in that it could be defeated on a motion for summary

21   judgment").

22   Although leave to amend pleadings may be granted regardless of the length of time of

23   delay by the moving party, a Court is within its discretion to deny amending a complaint absent a

24   showing of bad faith by the moving party or prejudice to the opposing party.  *See United States*

*v. Webb*, 655 F.2d 977 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Here, Plaintiff requests to add "an injury claim" to his § 1983 First Amendment retaliation complaint.  He purports to sue all the named Defendants for a "Cervical Spine injury sustained during his transfer from the Washington Correction Center to the Coyote Ridge Corrections Center in March of 2010."  ECF No. 37.  Plaintiff does not identify which Defendants were allegedly involved in the transfer, but appears to be claiming that because Defendants retaliated against him by transferring him and he was injured on the bus during the transfer, they are all liable.

To the extent it can be argued that Plaintiff's injury claim did not "accrue" until after the filing of the original complaint, Fed.R.Civ.P. 15(d) arguably governs the inquiry.  *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010); *See also Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.") (quotation omitted).  FRCP 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  The purpose of CR 15(d) is to promote "judicial economy and convenience" by allowing a party to bring in claims related to its original claims that occurred after the party filed its last complaint.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  However, "[w]hile leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'"  *Planned Parenthood of Southern*

*Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997); *see also* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

The threshold consideration for the district court is whether "the supplemental facts connect [the supplemental pleading] to the original pleading." *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 88 (2nd Cir.2001).  Even if the district court determines that a motion to supplement meets the threshold consideration, it may still deny the motion if it finds undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility.  *Id.*

Essentially, Plaintiff seeks to add a state personal injury claim to his First Amendment retaliation claim.  While this Court could consider such a claim if associated with a jurisdictional federal claim (such as a § 1983 Eighth Amendment claim and a state tort medical negligence claim), Plaintiff does not allege a violation of the Eighth Amendment.  He does not allege that any of the Defendants were involved in the injury.  In fact, he does not describe at all what occurred on the bus ride to cause a neck injury.  The medical reports attached to Plaintiff's motion show an absence of his history or knowledge of a precipitating event.  The reports reflect only that from September of 2011, medical staff treated Plaintiff's neck condition and that such treatment included surgery in August 2012.  However, there is no evidence that the injury was caused by a bus transfer.  *See also* Declaration of Greg Pressel, Senior Tort Investigator, State Department of Enterprise Services – Office of Risk Management (typographical error in report; the basis for the state's denial of tort claim was that doctor actually concluded:  "I don't think that based on the documentation in the chart and the lapse in time between his transfer and when Mr. Rivera presented to medical it would be reasonable to link his transport to his current injury.")  ECF No. 38, Exhibit 1.

ORDER DENYING MOTION TO AMEND
COMPLAINT- 4

1    Moreover, the parties and evidence of retaliation for use of the grievance system are

2    distinct from whatever may have happened on the bus.  The latter would likely include lay

3    witnesses with their observations of what occurred on the bus, expert medical testimony on

4    causation, and perhaps experts on any mechanical malfunction of the bus.  The passage of the

5    Civil Rights Act was not intended to federalize state tort law.  *McCarthy v. Mayo*, 827 F.2d

6    1310, 1315 (9th Cir. 1987).  If Plaintiff is making a state tort claim, it would be a separate claim

7    with separate defendants and it belongs in State court.

8    Based on the allegations and attachments to Plaintiff's motion, Plaintiff has failed to state

9    a cause of action against the Defendants.  Even if it can be assumed that Plaintiff could properly

10   plead an injury claim against the Defendants in this case, the claim would be a separate, distinct,

11   and new cause of action against persons who may not be parties to this action.  Therefore, the

12   claim, if any, should be the subject of a separate action.

13   Accordingly, it is **ORDERED:**

14   (1)    Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 37) is

15   **DENIED.**

16   (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

17   DATED this 2nd day of January, 2013.

18

19

Karen L. Strombom

20   United States Magistrate Judge

21

22

23

24