UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAFAEL RIVERA,<br><br>                Plaintiff,<br><br>  v.<br><br>WILLIAM J. MCGAFFEY, ROZELL TOWNSEND, LINDA ALLEN, LT. DUNINGTON, K. ARLOW, DOUG WADDINGTON,<br><br>                Defendants. | No. C11-5942 RJB/KLS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER |

      Before the Court is Defendants' motion to amend its answer to add affirmative defenses, including the defense of qualified immunity. ECF No. 47. After filing their motion to amend, Defendants filed a motion for summary judgment based, in part, on qualified immunity. ECF No. 48. Plaintiff also filed a motion for summary judgment (ECF No. 51) and responded to the Defendants' motion (ECF No. 52). Both motions are noted for May 10, 2013. Plaintiff did not file a response to Defendants' motion to amend.

## DISCUSSION

      Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 - to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy

ORDER - 1

of favoring amendments to pleadings should be applied with "extreme liberality." *Id*.; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

However, these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. See *Webb,* 655 F.2d at 980. Futility of amendment, by contrast, can alone justify the denial of a motion for leave to amend. See *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.1988).

Defendants seek leave to file amended answer in order to claim affirmative defenses. ECF No. 47, Exhibit 1, Declaration of Jean E. Meyn, Attachment A, Proposed Amended Answer. According to counsel for Defendants, part of the defense to Plaintiff's retaliation claims for the exercise of his First Amendment rights is that the law on his particular conduct is not clearly established and that this was discovered during defense counsel's research for summary judgment motion. *Id.*

There is no evidence that Plaintiff will be prejudiced by the timing of the proposed evidence as he has been given an opportunity to respond to Defendants' motion for summary judgment which is based, in part on questions of immunity.

Accordingly, it is **ORDERED:**

(1)     Defendants' motion to amend (ECF No. 47) is **GRANTED.**

ORDER - 2

(2)     The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this <u>6th</u> day of May, 2013.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3